UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                              Chapter 7
                                                    CASE NO.: 6:23-bk-00866-LVV
ALTOSGROUPS, LLC,                                   (Substantively Consolidated)

_____ Debtors. _____/

MARIE. E. HENKEL, Chapter 7                         ADV. CASE NO.: _____
Trustee of the Bankruptcy Estate
of ALTOSGROUPS, LLC,

        Plaintiff.

v.

GUSTO, INC. and
GUSTO FLORIDA, INC.

_____ Defendants. _____/

### COMPLAINT TO AVOID AND RECOVER TRANSFERS

Plaintiff, MARIE E. HENKEL ("Plaintiff" or "Trustee"), in her capacity as the duly

appointed Chapter 7 Trustee in the above-captioned main bankruptcy case (the "Main Case"), by

and through her undersigned counsel, sues Defendants, GUSTO, INC. and GUSTO FLORIDA,

INC. (collectively, "Gusto" or "Defendants"), and alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.      On January 9, 2023 (the "Petition Date"), AltosGroups, LLC, a Florida limited

liability company with Tax EIN: 46-1041442, ("Altos-FL"), and AltosGroups, LLC, a Delaware

limited liability company registered to do business in North Carolina with Tax EIN: 83-2022106

("Altos-NC," and together with Altos-FL, the "Debtors") filed separate voluntary Chapter 11

petitions for relief under title 11 of the United States Code.

2.      On January 30, 2023, the Court in the Main Case entered an order jointly administering the Debtors' bankruptcy cases for procedural purposes [Main Case ECF No. 21].

3.      On May 15, 2023, the Court in the Main Case entered an order converting the Debtors' jointly administered case to a case under Chapter 7 [Main Case ECF No. 115].

4.      On March 1, 2024, the Court in the Main Case entered an order substantively consolidating the bankruptcy estate of Altos-NC with and into the lead estate of Altos-FL [Main Case ECF No. 319].

5.      Plaintiff is the duly appointed and acting Chapter 7 trustee of the Debtors' substantively consolidated bankruptcy estate (the "Estate").

6.      Upon information and belief, Gusto are corporations operating and registered to do business in Florida.

7.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O), and the Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court in accordance with Fed. R. Bankr. P. 7008(a).

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334 (b).

## FACTUAL BACKGROUND

### The Debtors' Fraud and Indisputable Insolvency

10.     Beginning on a date unknown, but no later than January 2019, the Debtors induced various real estate developers to enter into loan agreements by making fraudulent representations concerning their ability to provide financing. Namely, the Debtors misrepresented to developers, among other things, that they had experience as lenders for large-scale construction projects, had

lines of credit with major financial institutions sufficient to fund the developers' construction projects, and that the developers' deposits, which would purportedly trigger the Debtors' lines of credit with their financial institutions, would be placed in dedicated escrow or reserve accounts.

11.     Based on these misrepresentations, the Debtors entered into loan agreements and received deposits from, among other developers, Maumee Point, LLC, One10 Hotel HRKC LLC, A&B Kanab Hotels, LLC, and 900 Broadway KC Development, LLC (collectively, the "Deposit Creditors").

12.     However, contrary to their representations, the Debtors did not have any lines of credit with major financial institutions and failed to maintain any of the developers' deposits in dedicated accounts. Instead, the majority of the deposits were commingled with other funds, improperly disbursed to fund portions of loans made to other developers, improperly disbursed to third parties, and/or used by the Debtors for other unauthorized purposes, until ultimately being depleted from the Debtors' bank accounts.

13.     In or around March 2020, after failing to disburse various loan proceeds they were contractually obligated to provide, the Debtors began notifying the developers, including the Deposit Creditors, that they would not be able to provide financing for their construction projects. However, the Debtors falsely assured their victims that their deposits were still being maintained and were available for return.

14.     In fact, when the Debtors filed for bankruptcy nearly three years later, they continued to falsely claim in their schedules and statement of financial affairs that they were still holding or controlling deposits totaling $4,662,669.81, belonging to the Deposit Creditors. The Debtors, through their principal, David Ingram ("Ingram"), then further perpetuated this falsehood

by testifying at 341 meetings and submitting an affidavit in which they reiterated that they still had possession of or control over these deposits.

15.     But as outlined above, the deposits were transferred by the Debtors long ago, and despite ongoing efforts, the Estate has yet to recover the majority of these funds.  Additionally, Ingram, the principal of the Debtors, has been indicted for his role in these fraudulent activities. Specifically, Ingram has recently pleaded guilty to making a false bankruptcy declaration in violation of 18 U.S.C. § 152(3) in the U.S. District Court for the Middle District of Florida, Criminal Case No. 6:24-cr-00172-RBD-LHP, and is currently facing pending charges of wire fraud related to materially false and fraudulent representations and omissions made with the intent to defraud and obtain a deposit, in the U.S. District Court for the District of Kansas, Criminal Case No. 2:24-cr-20069-DDC.

16.     Further, the Deposit Creditors have filed claims in the Main Case totaling $61,817,516.95 for their unreturned deposits, plus all damages sustained by them as a result of the Debtors' acts and omissions.

17.     Thus, at all times material hereto, the Debtors were insolvent.

**The Transfers**

18.     During the four-year period preceding the Petition Date, the Debtors made transfers to, or for the benefit of, the Defendants by the means, on the dates, in the amounts, and from their bank accounts, as set forth on the attached **Exhibit A**, totaling $197,303.03 (the "Transfers").

19.     The Transfers derived, in whole or in part, from deposit(s) obtained by the Debtors.

20.     The Plaintiff cannot find any record showing that the Debtors owed any obligation to Gusto, which would justify the Transfers, and the Debtors' books and records do not reflect that the Debtors received reasonably equivalent goods, services, or other value in exchange for the

Transfers.

21.     Thus, the Transfers unequivocally constitutes avoidable and recoverable fraudulent transfers as the Debtors did not receive reasonably equivalent value in exchange for the Transfers, and the Debtors (i) were insolvent at the time of the Transfers, (ii) were engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction, or (iii) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

22.     The Transfers were likewise made with an *actual intent* to hinder, delay, or defraud creditors of the Debtors. Among other badges of fraud supporting an actual intent by the Debtors to hinder, delay, or defraud creditors:

(a)     The Transfers were concealed, among other ways, through the Debtors' false declarations in the Main Case.

(b)     Before the Transfers were made, the Debtors were the subject of threatened and/or filed lawsuits.

(c)     The Debtors received no reasonably equivalent value in exchange for the Transfers.

(d)     The Debtors were insolvent at the time of the Transfers or became insolvent shortly after the Transfers were made.

(e)     The Debtors were incurring and/or had incurred substantial debt prior to and after the time of the Transfers.

## COUNT I – AVOIDANCE OF TRANSFERS
## PURSUANT TO 11 U.S.C. §§ 544(b)(1) AND FLA. STAT. § 726.105(1)(a)

23.     Plaintiff incorporates and re-alleges paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     The Plaintiff sues Defendants pursuant to 11 U.S.C. §§ 544(b)(1) and Fla. Stat. § 726.105(1)(a) to avoid the Transfers as actual fraudulent transfers.

25.     The Debtors made the Transfers to or for the benefit of Defendants within the four (4) year period prior to the Petition Date.

26.     The Transfers were a transfer of an interest of the Debtors in property.

27.     The Transfers were made with actual intent to hinder, delay, or defraud an entity or individual to which or whom the Debtors were or became indebted on or after the date that Transfers were made, including, without limitation, the Deposit Creditors.

28.     Before or after the Transfers were made, the Debtors had at least one actual creditor holding an unsecured claim allowed within the meaning of 11 U.S.C. § 544(b)(1), including, but not limited to, the Deposit Creditors, by whom the Transfers were avoidable under applicable law, including Fla. Stat. § 726.105(1)(b).

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter a judgment on her behalf and against the Defendants as follows:

(a)     declaring the Transfers to be fraudulent transfers pursuant to pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. § 726.105(1)(a);

(b)     avoiding the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. § 726.105(1)(a); and

(c)     granting such other and further relief as this Court deems just and proper.

## COUNT II – AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b)(1) AND FLA. STAT. § 726.105(1)(b)

29.     Plaintiff incorporates and re-alleges paragraphs 1 through 22 of this Complaint as though fully set forth herein.

30.     The Plaintiff sues Defendants pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. § 726.105(1)(b) to avoid the Transfers as constructive fraudulent transfers.

31.     The Debtors made the Transfers to or for the benefit of Defendants within the four (4) year period prior to the Petition Date.

32.     The Transfers were a transfer of an interest of the Debtors in property.

33.     The Debtors received less than reasonably equivalent value in exchange for the Transfers and:

(a)     the Debtors were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital; or

(b)     the Debtors intended to incur, or believed or reasonably should have believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

34.     Before or after the Transfers were made, the Debtors had at least one actual creditor holding an unsecured claim allowed within the meaning of 11 U.S.C. § 544(b)(1), including, but not limited to, the Deposit Creditors, by whom the Transfers were avoidable under applicable law, including Fla. Stat. § 726.105(1)(b).

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter a judgment on her behalf and against the Defendants as follows:

(a)     declaring the Transfers to be fraudulent transfers pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. § 726.105(1)(b);

(b)     avoiding the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. § 726.105(1)(b); and

(c)     granting such other and further relief as this Court deems just and proper.

## COUNT III – AVOIDANCE OF TRANSFERS
## PURSUANT TO 11 U.S.C. § 544(b)(1) AND FLA. STAT. § 726.106(1)

35.     Plaintiff incorporates and re-alleges paragraphs 1 through 22 of this Complaint as though fully set forth herein.

36.     The Plaintiff sues Defendants pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. § 726.106(1) to avoid the Transfers as fraudulent transfers.

37.     The Debtors made the Transfers to or for the benefit of Defendants within the four (4) year period prior to the Petition Date.

38.     The Debtors received less than reasonably equivalent value in exchange for the Transfers.

39.     The Debtors were insolvent at the time of the Transfers or became insolvent as a result of the Transfers.

40.     At the time of the Transfers, the Debtors had at least one actual creditor holding an unsecured claim allowed within the meaning of 11 U.S.C. § 544(b)(1), by whom the Transfers were avoidable under applicable law, including Fla. Stat. § 726.106(1).

**WHEREFORE**, Plaintiff, respectfully requests this Honorable Court enter a judgment on her behalf and against the Defendants as follows:

(a)     declaring the Transfers to be fraudulent transfers pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. § 726.106(1);

(b)     avoiding the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. § 726.106(1); and

(c)     granting such other and further relief as this Court deems just and proper.

## COUNT IV – RECOVERY OF TRANSFERS
## PURSUANT TO 11 U.S.C. § 550 AND FLA. STAT. § 726.108

41.    Plaintiff incorporates and re-alleges paragraphs 1 through 22, 24 through 28, 30 through 34, and 36 through 40 of this Complaint as though fully set forth herein.

42.    The Plaintiff sues Defendants pursuant to 11 U.S.C. § 550 and/or Fla. Stat. § 726.108 to recover the Transfers or the value thereof.

43.    The Transfers are avoidable pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106(1).

44.    Defendants were either the initial transferee of the Transfers or the party for whose benefit the Transfers were made.

45.    Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a) and/or Fla. Stat. § 726.108, together with pre- and post-judgment interest thereon at the maximum legal rate from the date of the Transfers and the costs of this action.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter a judgment on her behalf and against the Defendants as follows:

(a)    declaring the Defendants to be either the initial transferee of the Transfers or the party for whose benefit the Transfers were made;

(b)    directing the Defendants to turn over the Transfers avoided or to pay the full amount of the value of the Transfers to the Plaintiff, for the benefit of the Estate, plus pre- and post-judgment interest, along with reasonable attorneys' fees and expenses, to the extent permissible by applicable law; and

(c)    granting such other and further relief as this Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT

46.     Plaintiff incorporates and re-alleges paragraphs 1 through 22 of this Complaint as though fully set forth herein.

47.     In the alternative, and in the event Plaintiff does not have an adequate remedy at law under the statutes set forth herein or otherwise, Plaintiff asserts this claim for unjust enrichment.

48.     The Debtors conferred a benefit on the Defendants by making the Transfers.

49.     The Defendants knowingly and voluntarily accepted and retained the benefit conferred by the Debtors.

50.     The circumstances are such that it would be inequitable and unjust for Defendants to retain the benefit conferred by the Debtors without paying the Plaintiff the value of such benefit.

51.     The Defendants have been unjustly enriched at the expense of the Estate.

52.     The Plaintiff is entitled to the return of the Transfers, or the value by which Defendants were enriched, through disgorgement of any other appropriate remedy.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter a judgment on her behalf and against the Defendants as follows:

(a)     ordering the Defendants to turn over the Transfers or to pay the full amount of the value of the Transfers to the Plaintiff, for the benefit of the Estate, plus pre- and post-judgment interest, along with reasonable attorneys' fees and expenses, to the extent permissible by applicable law; and

(b)     granting such other and further relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to or for the benefit of Defendants. It is Plaintiff's intention to avoid

and recover all transfers of an interest of the Debtors in property to or for the benefit of Defendants.

Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the

Transfers; (ii) additional transfers; (iii) modifications of and/or revisions to Defendants' names

and/or information; (iv) additional defendants; and/or (v) additional causes of action (collectively,

the "Amendments"), that may become known to Plaintiff at any time during this adversary

proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this

original Complaint.

Dated: January 8, 2025.

Respectfully submitted,

/s/ Joshua D. Silver
Joshua D. Silver
Florida Bar No. 100022
Markowitz, Ringel, Trusty & Hartog, P.A.
*Attorneys for the Plaintiff/Trustee*
101 NE Third Avenue, Suite 1210
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-0030
Email: jsilver@mrthlaw.com

# EXHIBIT 'A'

| | | | | | | |
|---|---|---|---|---|---|---|
| | | *In re:* Altosgroups LLC | | | | |
| | | Case No.: 6:23-bk-00866-LVV | | | | |
| | | | | | | |
| | | Schedule of Payments to and From Gusto | | | | |
| | | During the 4-Year Period January 10, 2019 through January 9, 2023 | | | | |
| | | *(Sorted by Date)* | | | | |
| | | | | | | |
| **Institution** | **Account Name** | **Account No.** | **Date** | **Transaction Type** | **Payee / Payor** | **Amount** |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/07/19 | Debit | Gusto | $          (0.91) |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/07/19 | Debit | Gusto | (0.72) |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/07/19 | Debit | Gusto | (0.38) |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/07/19 | Debit | Gusto | (0.12) |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/07/19 | Credit | Gusto | 0.91 |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/07/19 | Credit | Gusto | 0.72 |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/07/19 | Credit | Gusto | 0.38 |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/07/19 | Credit | Gusto | 0.12 |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/14/19 | Debit | Gusto | (8,017.21) |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/14/19 | Debit | Gusto | (2,447.50) |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/14/19 | Debit | Gusto | (120.11) |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/15/19 | Debit | Gusto | (3,868.70) |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/27/19 | Debit | Gusto | (8,017.21) |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/27/19 | Debit | Gusto | (2,447.50) |
| Bank of America NA | Altosgroups, LLC | x1655 | 11/27/19 | Debit | Gusto | (82.02) |
| Bank of America NA | Altosgroups, LLC | x1655 | 12/10/19 | Debit | Gusto | (11,104.51) |
| Bank of America NA | Altosgroups, LLC | x1655 | 12/10/19 | Debit | Gusto | (3,658.29) |
| Bank of America NA | Altosgroups, LLC | x1655 | 12/10/19 | Debit | Gusto | (1,000.90) |
| Bank of America NA | Altosgroups, LLC | x1655 | 12/26/19 | Debit | Gusto | (12,996.17) |
| Bank of America NA | Altosgroups, LLC | x1655 | 12/26/19 | Debit | Gusto | (4,913.64) |
| Bank of America NA | Altosgroups, LLC | x1655 | 12/26/19 | Debit | Gusto | (170.13) |
| Bank of America NA | Altosgroups, LLC | x1655 | 01/03/20 | Debit | Gusto | (63.00) |
| Bank of America NA | Altosgroups, LLC | x1655 | 01/14/20 | Debit | Gusto | (13,022.12) |
| Bank of America NA | Altosgroups, LLC | x1655 | 01/14/20 | Debit | Gusto | (5,011.33) |
| Bank of America NA | Altosgroups, LLC | x1655 | 01/30/20 | Debit | Gusto | (13,022.13) |
| Bank of America NA | Altosgroups, LLC | x1655 | 01/30/20 | Debit | Gusto | (4,959.23) |
| Bank of America NA | Altosgroups, LLC | x1655 | 01/30/20 | Debit | Gusto | (2,380.79) |
| Bank of America NA | Altosgroups, LLC | x1655 | 02/04/20 | Debit | Gusto | (63.00) |
| Bank of America NA | Altosgroups, LLC | x1655 | 02/13/20 | Debit | Gusto | (13,022.13) |
| Bank of America NA | Altosgroups, LLC | x1655 | 02/13/20 | Debit | Gusto | (4,922.27) |
| Bank of America NA | Altosgroups, LLC | x1655 | 02/13/20 | Debit | Gusto | (11.00) |
| Bank of America NA | Altosgroups, LLC | x1655 | 02/27/20 | Debit | Gusto | (12,579.58) |
| Bank of America NA | Altosgroups, LLC | x1655 | 02/27/20 | Debit | Gusto | (5,364.82) |
| Bank of America NA | Altosgroups, LLC | x1655 | 02/27/20 | Debit | Gusto | (1,920.92) |
| Bank of America NA | Altosgroups, LLC | x1655 | 03/03/20 | Debit | Gusto | (63.00) |
| Bank of America NA | Altosgroups, LLC | x1655 | 03/12/20 | Debit | Gusto | (12,579.58) |
| Bank of America NA | Altosgroups, LLC | x1655 | 03/12/20 | Debit | Gusto | (5,348.41) |
| Bank of America NA | Altosgroups, LLC | x1642 | 03/30/20 | Debit | Gusto | (8,073.89) |
| Bank of America NA | Altosgroups, LLC | x1642 | 03/30/20 | Debit | Gusto | (3,580.89) |
| Bank of America NA | Altosgroups, LLC | x1642 | 04/14/20 | Debit | Gusto | (7,234.24) |
| Bank of America NA | Altosgroups, LLC | x1642 | 04/14/20 | Debit | Gusto | (3,317.58) |
| Bank of America NA | Altosgroups, LLC | x1642 | 04/29/20 | Debit | Gusto | (4,755.30) |
| Bank of America NA | Altosgroups, LLC | x1642 | 04/29/20 | Debit | Gusto | (1,742.38) |
| Bank of America NA | Altosgroups, LLC | x1642 | 05/04/20 | Debit | Gusto | (57.00) |
| Bank of America NA | Altosgroups, LLC | x1642 | 05/14/20 | Debit | Gusto | (3,595.66) |
| Bank of America NA | Altosgroups, LLC | x1642 | 05/14/20 | Debit | Gusto | (1,349.39) |
| Bank of America NA | Altosgroups, LLC | x1642 | 05/28/20 | Debit | Gusto | (7,590.86) |
| Bank of America NA | Altosgroups, LLC | x1642 | 05/28/20 | Debit | Gusto | (2,777.64) |
| Bank of America NA | Altosgroups, LLC | x1642 | 06/02/20 | Debit | Gusto | (51.00) |
| **Total** | | | | | | **$    (197,303.03)** |